IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL EUGENE BROWN                                                                                  PLAINTIFF

v.                                                    CIVIL NO. 08-2076

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Daniel Eugene Brown, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for SSI on April 23, 2004, alleging an inability to work due to chronic obstructive pulmonary disease, chronic fatigue, insomnia, shoulder and back pain, diabetes mellitus, heart problems and angina, depression and anxiety. (Tr. 20-21, 56-58, 93, 103). An administrative hearing was held on August 1, 2006, at which plaintiff appeared with counsel and testified. (Tr. 235-258). Plaintiff's son also testified at this administrative hearing. (Tr. 251-255).

By written decision dated April 25, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 20).

The ALJ determined plaintiff's severe impairments were as follows: chronic obstructive pulmonary disease. However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry twenty pounds occasionally, ten pounds frequently; to sit, stand and/or walk six hours of an eight-hour day; and that plaintiff must avoid concentrated exposure to dust, odors and airborne pollutants. (Tr. 22). The ALJ further found personal contact must be only incidental to work performance; that plaintiff could work with simple, direct and concrete instructions; and that plaintiff could perform tasks learned and performed by rote, with few variables. (Tr. 22). With the help of a vocational expert, the ALJ determined plaintiff could perform work as a Cashier II, and a production assembler. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing the additional evidence, denied that request on May 8, 2008. (Tr. 4-8). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 10, 14).

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    **A.**    <u>**The Sequential Evaluation Process:**</u>

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

We will first address the ALJ's physical RFC findings. In making the RFC determination that plaintiff could perform light exertional work with some environmental limitations the ALJ

relied upon RFC assessments, completed by non-examining medical consultants, dated September 14, 2004, October 2004, and December 29, 2004. (Tr. 176-183, 186). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Further, the medical records reflects well after these non-examining medical consultants reviewed the record and completed their assessments, plaintiff was diagnosed with coronary artery disease and plaintiff's examining cardiologist, Dr. Humberto J. Sosa, recommended plaintiff undergo pharmacological stress testing with a persantine injection in August of 2006, so that a treatment could be established. (Tr. 199). As it appears Dr. Sosa wanted plaintiff to undergo further testing to assess his heart impairment and that the RFC assessments relied upon by the ALJ are dated prior to plaintiff's diagnosis of coronary artery disease and related problems, we believe remand is necessary so that the ALJ can more fully and fairly develop the record regarding plaintiff's heart impairment. It also appears that plaintiff's lung condition may have worsened after the RFC assessments were completed. As such, we believe the ALJ should more fully and fairly develop the record regarding plaintiff's lung impairment. (Tr. 187).

On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, including Drs. David Henderson, Lonnie H. Sessler and Humberto J. Sosa, and ask the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question. We strongly recommend the ALJ order a consultative physical exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed, including an examination by a pulmonologist and a stress test, to properly

diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and his mental RFC. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV. Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of September 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)