IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL EUGENE BROWN                                                                    PLAINTIFF

v.                                           CIVIL NO. 08-2076

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                         DEFENDANT

**<u>ORDER</u>**

Plaintiff, Daniel Eugene Brown, appealed the Commissioner's denial of benefits to this court. On September 2, 2009, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 16). Plaintiff now moves for an award of $4,116.59 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 26.90 attorney hours at an hourly rate of $152.00 and $27.79 in expenses. (Doc. # 18, 19). Defendant has filed a response voicing no objections. (Doc. # 20).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required

AO72A
(Rev. 8/82)

to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $152.00.

Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In

*Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. In this case, counsel has attached a summary of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost of living. Accordingly, we find that counsel is entitled to an hourly rate of $152.00.

  We next address the number of hours Plaintiff's counsel claims she spent working on this case. Counsel requests .10 hours for receiving and reviewing the order granting Plaintiff's motion to proceed *in forma pauperis,* .25 hours for preparing and reviewing the letters of service, .10 hours for receiving and reviewing the NEF reassigning the case to Judge Marschewksi, .25 hours for preparing and reviewing the affidavit of service, .10 hours for receiving and reviewing the scheduling order, .25 hours for receiving and reviewing Defendant's motion to dismiss, .25 hours for preparing and filing a motion requesting an extension of time to file the appeal brief, .25 hours for receiving and reviewing Defendant's motion to withdraw the motion to dismiss, .25 hours for preparing and filing a motion in support of Defendant's motion to withdraw, .25 hours for receiving and reviewing the order filed by Judge Marschewski dated November 25, 2008, and 1.00 hour for receiving and reviewing the memorandum opinion and judgment. This court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp. 898 (E.D.Ark. 1989). Many of these documents were single page documents requiring minimal time to review. Furthermore, preparing the letters of service is a task that could have been performed by support staff and, as such, is not compensable. *See Granville House, Inc. v.*

-4-

*Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).

We grant counsel .05 hours for receiving and reviewing the order granting Plaintiff's motion to proceed *in forma pauperis,* .05 hours for reviewing the letters of service, .05 hours for receiving and reviewing the NEF reassigning the case to Judge Marschewski, .15 hours for preparing and reviewing the affidavit of service, .05 hours for receiving and reviewing the scheduling order, .10 hours for receiving and reviewing Defendant's motion to dismiss, .10 hours for receiving and reviewing the Defendant's motion to withdraw the motion to dismiss, .10 hours for preparing and filing a motion in support of Defendant's motion to withdraw, .10 hours for receiving and reviewing the order filed by Judge Marschewski dated November 25, 2008, and .50 hours for receiving and reviewing the memorandum opinion and judgment.  As counsel should have been able to submit her brief within the thirty-day time limit, we award no additional time for the preparation or filing of the motion for an extension of time.  Accordingly, 1.80 hours will be deducted from the total number of compensable hours.

Counsel also requests compensation for 14.75 hours for reviewing the transcript, analyzing and researching the law, and drafting the appeal brief.  However, there were no unique or complex issues to be developed in this particular case, and the transcript was approximately 285 pages in length.  Plaintiff's counsel frequently represents social security claimants before this court and should be well versed in social security law.  Accordingly, we find that the time submitted for preparing this brief is excessive.  Therefore, we are reducing the number of hours submitted for the preparation of Plaintiff's brief to 12 hours.  Accordingly, we will deduct 2.75 hours from the total number of compensable hours.

-5-

Finally, counsel seeks reimbursement of $27.79 for expenses incurred with regard to postage and copies. Such expenses are recoverable under the EAJA and we find $27.79 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we award Plaintiff's attorney fees under the EAJA for: 22.35 (26.90-4.55) attorney hours, at the rate of $152.00 per hour, plus expenses in the amount $27.79, for a total attorney's fee award of $3,424.99. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be paid directly to Plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

Dated this 8th day of March 2010.

/S/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

AO72A
(Rev. 8/82)